UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Mario Reynoso-Hiciano,<br>Joel Cabrera,<br>   a/k/a "Gordo,"<br>   a/k/a "Oso,"<br>Vladimir Reyes,<br>Yudith Reynoso-Hiciano,<br>   a/k/a "La Classica," and<br>Pedro Reynoso,<br><br>       Defendants. | [Proposed] **Protective Order**<br><br>**20 Cr. 388 (DLC)** |

HONORABLE DENISE L. COTE, District Judge:

WHEREAS the Government intends to produce to MARIO REYNOSO-HICIANO, JOEL CABRERA, a/k/a "Gordo," a/k/a "Oso," VLADIMIR REYES, and PEDRO REYNOSO, the defendants in the above-captioned matter,[1] certain discovery materials that (i) affect the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) is not authorized to be disclosed

---

[1] Defendant YUDITH REYNOSO-HICIANO, a/k/a "La Classica," remains at large, and has not been presented or arraigned in this case. This Protective Order therefore will not apply to Y. REYNOSO-HICIANO unless and until Y. REYNOSO-HICIANO appears in this case, and after Y. REYNOSO-HICIANO assents to this protective order through counsel.

to the public or disclosed beyond that which is necessary for the defense of this action; and

WHEREAS pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and Title 18, United States Code, Section 3771, the Government desires to protect the confidentiality of the above-referenced materials, and for good cause shown;

IT IS HEREBY ORDERED:

1. Discovery materials produced by the Government to the defendants or their counsel, including any successor counsel ("Defense Counsel") that are either (1) designated in whole or in part as "Confidential" by the Government in emails or communications to Defense Counsel, or (2) that include a Bates or other label stating "Confidential," shall be deemed "Confidential Material."

2. Confidential Material disclosed to the defendant or to Defense Counsel during the course of proceedings in this action:

   a) shall be used by the defendant or Defense Counsel only for purposes of this action;

   b) shall be kept in the sole possession of Defense Counsel or the defendant;

   c) shall not be copied or otherwise recorded by the defendant;

d) shall not be disclosed in any form by the defendant or Defense Counsel except as set forth in paragraph 2(e) below;

e) may be disclosed only by Defense Counsel and only to the following persons (hereinafter "Designated Persons"):

i. secretarial, clerical, paralegal, investigative, and student personnel employed full-time or part-time by Defense Counsel;

ii. prospective witneses for purposes of defending this action; and

iii. such other persons as hereafter may be authorized by the Court upon a motion by the defendant;

3. Discovery materials produced by the Government to the defendants or Defense Counsel that are either (1) designated in whole or in part as "Sensitive" by the Government in emails or communications to Defense Counsel, or (2) that include a Bates or other label stating "Sensitive," shall be deemed "Sensitive Material."

4. Sensitive Material disclosed to the defendant or to Defense Counsel during the course of proceedings in this action, shall be subject to the conditions applicable to Confidential Material, with the exception of paragraph 2(b) above. Sensitive

Material may be shown to the defendant, but may not be maintained in the defendant's possession.

      5.    The defendant and Defense Counsel shall provide a copy of this Order to Designated Persons to whom Confidential Material or Sensitive Material is disclosed pursuant to paragraph 2(e). Designated Persons shall be subject to the terms of this Order.The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

      6.    The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, or sentencing proceeding held in this action, or to any judge or magistrate of this Court for purposes of this action.

      7.    Information subject to disclosure in this case may be contained within electronically stored information ("ESI") that the Government has seized, pursuant to warrants issued during the course of its investigation, from various social media accounts, email accounts, cellphones, computers, and other media and storage devices belonging to the defendants and others. The Government is authorized to disclose to Defense Counsel, for use solely as permitted herein, the entirety of ESI seized from the defendants subject to this Protective Orderas the Government believes may

*United States v. Mario Reynoso-Hiciano, et al., 20 Cr. 388 (DLC) – Protective Order – Page 4*

contain disclosure material (the "Seized ESI Disclosure Material"). The defendants, Defense Counsel, and Designated Persons may review the Seized ESI Disclosure Material to identify pertinent items. They shall not further disseminate or disclose any portion of the Seized ESI Disclosure Material except as otherwise set forth under this Order.

8. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to that defendant.

9. Except for disclosure material that has been made part of the record of this case, each defendant and their respective cousel shall return to the Government or securely destroy or delete all Confidential Material or Sensitive Material within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

10. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will

retain jurisdiction to enforce this Order following termination of the case.

11. This Order may be signed in counterparts and transmitted by facsimile and/or electronic copy, each of which counterparts will be deemed to be an original and which taken together will constitute the Order.

AGREED AND CONSENTED TO:

By: AUDREY STRAUSS
ACTING UNITED STATES ATTORNEY

_____
Daniel H. Wolf / Alexander N. Li
Assistant United States Attorneys

_____
James E. Neuman, Esq.
Counsel for Mario Reynoso-Hiciano

_____
Robert A. Osuna, Esq.
Counsel for Joel Cabrera

_____
Daniel S. Parker, Esq.
Counsel for Vladimir Reyes

SO ORDERED:
New York, NY
August 26, 2020

_____
DENISE COTE
United States District Judge

*United States v. Mario Reynoso-Hiciano, et al., 20 Cr. 388 (DLC) – Protective Order – Page 6*

retain jurisdiction to enforce this Order following termination of the case.

      11.  This Order may be signed in counterparts and transmitted by facsimile and/or electronic copy, each of which counterparts will be deemed to be an original and which taken together will constitute the Order.

AGREED AND CONSENTED TO:

                          AUDREY STRAUSS
                          ACTING UNITED STATES ATTORNEY

            By:  _____
                   Daniel H. Wolf / Alexander N. Li
                   Assistant United States Attorneys


                  _____
                  James E. Neuman, Esq.
                  Counsel for Mario Reynoso-Hiciano


                  _____
                  Robert A. Osuna, Esq.
                  Counsel for Joel Cabrera


                  Daniel S. Parker, signed digitally
                  _____
                  Daniel S. Parker, Esq.
                  Counsel for Vladimir Reyes

retain jurisdiction to enforce this Order following termination of the case.

    11. This Order may be signed in counterparts and transmitted by facsimile and/or electronic copy, each of which counterparts will be deemed to be an original and which taken together will constitute the Order.

AGREED AND CONSENTED TO:

                        AUDREY STRAUSS
                        ACTING UNITED STATES ATTORNEY

            By: _____
                 Daniel H. Wolf / Alexander N. Li
                 Assistant United States Attorneys

                 _____
                 James E. Neuman, Esq.
                 Counsel for Mario Reynoso-Hiciano

                 _____
                 Robert A. Osuna, Esq.
                 Counsel for Joel Cabrera

                 _____
                 Daniel Parker, Esq.
                 Counsel for Vladimir Reyes

                 _____
                 Jesse Hoberman-Kelly, Esq.
                 Counsel for Vladimir Reyes

_____
Guy Oksenhendler, Esq.
Counsel for Pedro Reynoso


IT IS SO ORDERED:


Dated:   New York, New York
         August ___, 2020




                              _____
                              HONORABLE DENISE L. COTE
                              UNITED STATES DISTRICT JUDGE